IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-00076-CMA-KLM

RICARDO LOPEZ, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

NEXT GENERATION CONSTRUCTION & ENVIRONMENTAL, LLC, a Colorado limited liability company,

    Defendant**.**

---

**ORDER REJECTING THE RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE KRISTEN L. MIX**

---

Before the Court are two Recommendations of United States Magistrate Judge Kristin L. Mix (Doc. ## 145, 155), wherein she recommends that this Court deny Plaintiff Ricardo Lopez's Motion to Amend Class and Collective Action Complaint (Doc. # 132) and grant Defendant Next Generation Construction and Environmental, LLC's Motion to Dismiss (Doc. # 111). Plaintiff timely objected to each Recommendation, essentially challenging each in its entirety.[1] The Court must therefore review the issues de novo

---

[1] In its Response to Plaintiff's Objection to the Recommendation on Defendant's Motion to Dismiss (Doc. # 166), Defendant urges this Court not to consider Plaintiff's Objection because Plaintiff did not previously raise his arguments in response to the underlying Motion to Dismiss. Defendant argues that the Court should therefore deem Plaintiff's arguments waived. The Court disagrees that Plaintiff waived these arguments. Plaintiff raised the same arguments in his Motion to Amend the Complaint that he presently raises in his Objection to the Recommendation on the Motion to Dismiss. Plaintiff's arguments were therefore before the Magistrate Judge and Defendant had ample opportunity to address them. The Court, therefore, sees no reason to deem those arguments waived or the Objection forfeited.

1

and, in so doing, "may accept, reject, or modify the recommended disposition[s.]" Fed. R. Civ. P. 72(b)(3). Having conducted the required de novo review, the Court rejects both Recommendations, grants in part Plaintiff's Motion to Amend, and denies Defendant's Motion to Dismiss.

## I.     BACKGROUND

Plaintiff is a former employee of Defendant who claims that he, and others similarly situated, were not properly compensated for overtime hours or for meal and rest breaks. (Doc. # 18, ¶¶ 10–11; Doc. # 44 at 2.) Plaintiff therefore initiated this lawsuit against Defendant on January 1, 2016, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., the Colorado Minimum Wage Act, Colo. Rev. Stat. § 8-6-101, et seq., and the Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101, et seq. (Doc. # 1.)

On March 30, 2016, Defendant filed a Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e). (Doc. # 15.) Plaintiff then timely filed a First Amended Complaint on April 19, 2016, attempting to address Defendant's claimed deficiencies. (Doc. # 18.) Several weeks later, Defendant filed a Reply to the Motion for a More Definite Statement, arguing that Plaintiff's amendments failed to address the alleged deficiencies. (Doc. # 21.) Magistrate Judge Mix nonetheless denied Defendant's Motion for More Definite Statement as moot because it was based on an inoperative complaint. (Doc. # 22.)

In February 2017, this Court granted Plaintiff's request for class certification under Federal Rule of Civil Procedure 23 and approved the parties request to send notice to all class members. (Doc. # 71.)

On August 29, 2017, based on information provided by various class members during the notice process, Plaintiff sought leave to amend the First Amended Complaint to add a time-shaving claim. (Doc. ## 87; 92.) The Court granted Plaintiff's request (Doc. # 104), and he filed a Second Amended Complaint. (Doc. # 105).

Thereafter, Defendant filed the instant Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. # 111.) Defendant's Motion alleges that Plaintiff's Second Amended Complaint fails to state a claim under the FLSA because it alleges insufficient facts to (1) show that he or Defendant is engaged in commerce, (2) support his claim that he was not paid for overtime or missed breaks, and (3) support his claim that Defendant did not comply with the FLSA record-keeping requirements. (*Id.*) For the same reasons, the Motion also asserts that the Second Amended Complaint is deficient with respect to Plaintiff's state law claims under the Colorado Wage Claim Act or the Colorado Minimum Wage Act. (*Id.*)

In response to the Motion to Dismiss, Plaintiff filed a Third Amended Complaint, attempting to address the alleged inadequacies. (Doc. # 121.) The deadline to amend, however, had passed. The Court struck that filing for failure to comply with Federal Rule of Civil Procedure 15(a)(2), which states that, once the deadline has passed, "a party may amend its pleading only with the opposing party's written consent or with the court's leave." (Doc. # 131.)

Consequently, Plaintiff now seeks leave to amend his Complaint for a third time, primarily arguing that a Third Amended Complaint would provide more detail in response to Defendant's pending Motion to Dismiss. (Doc. # 132.) Plaintiff specifically wishes to add facts supporting that (1) Defendant is an enterprise engaged in commerce and/or in the production of goods for commerce within the meaning of the FLSA; (2) Defendant failed to pay overtime as required under the FLSA; and (3) Defendant failed to keep proper payroll records. (Doc. # 121-1.)

In consideration of Plaintiff's Motion to Amend (Doc. # 132) and Defendant's Motion to Dismiss (Doc. # 111), Magistrate Judge Mix recommended that the Court (1) deny Plaintiff's entire request to amend and (2) subsequently grant Defendant's Motion to Dismiss on grounds that Plaintiff failed to adequately plead the enterprise element of his FLSA claim. (Doc. ## 145, 155.) The Court disagrees with those recommendations for the following reasons.

## II.     LAW

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). A complaint will survive such a motion only if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009).

In reviewing a Rule 12(b)(6) motion, a court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991). Nevertheless, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 557). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991).

### III.  ANALYSIS

#### A.  ENTERPRISE ALLEGATIONS

To fall within the FLSA's protection, Plaintiff must allege "sufficient facts to plausibly state a claim either (1) that [h]e, individually, was engaged in commerce or (2) that [Next Generation] is an enterprise engaged in commerce." *Reagor v. Okmulgee County Family Resource Center*, 501 Fed. Appx. 805, 808, 2012 WL 5507181, at *2 (10th Cir. 2012).

Defendant argues that Plaintiff's FLSA claim should be dismissed because his Second Amended Complaint fails to plausibly allege either that he was engaged in commerce or that Defendant is an enterprise engaged in commerce. In response to Defendant's argument, Plaintiff points out that Defendant twice stipulated to this element; Plaintiff therefore argues that dismissal would be unjust and requests permission to instead amend the complaint to substantiate his allegations. Having

5

thoroughly consider the issue, the Court agrees with Plaintiff that dismissal is unwarranted for the following reasons.

Long before filing its motion to dismiss, Defendant twice expressly stipulated to the "enterprise" element of Plaintiff's FLSA claim. Specifically, Defendant agreed, in both the original Scheduling Order on May 24, 2016 and the Modified Order on September 5, 2017, to the following undisputed facts: that (1) Defendant "has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA" and (2) "[w]hile working for [Defendant], Plaintiff was engaged in commerce or in the production of foods for commerce within the meaning of the FLSA." (Doc. ## 36; 92 at 5–6.)  It would hardly be just to hold Plaintiff accountable for alleged pleading deficiencies that are based on Defendant's own concessions.

Defendant contends that this Court should not give any weight to the undisputed facts in the Scheduling Orders because (1) Defendant disputed these facts on May 20, 2016 in its Answer to the Complaint (Doc. # 30), and (2) those facts may not be considered admissions pursuant to *Smith v. Argent Mortg. Co.*, 331 Fed. Appx. 549, 556, 2009 WL 1391550, at *5 (10th Cir. 2009). Neither argument has merit. First, Defendant's Answer was filed before both Scheduling Orders were issued, demonstrating that although Defendant may have disputed the facts on May 20, 2016, Defendant did not later dispute those same facts on May 24, 2016 and September 5, 2017. Second, although the Tenth Circuit in *Smith* upheld a district court's decision not to give weight to the undisputed facts in a scheduling order, it did so because, unlike here, the facts were subsequently disputed in the parties' final pretrial order, the

determinative document for purposes of setting forth the disputed fact issues to be decided at trial. *See Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) ("[T]he pretrial order is the controlling document for trial." (quotation marks omitted)). *Smith* did not, however, prohibit a district court from giving weight to undisputed facts in a scheduling order that have not been superseded by a final pretrial order. Nor does *Smith* caution against denying a Rule 12(b)(6) motion to dismiss for an inadequately plead element on account of a Defendant's prior stipulation to that element.

Moreover, to the extent Defendant still disputes that it is an enterprise engaged in commerce, this order does not prevent Defendant from so challenging at trial; the Court simply denies Defendant's request to dismiss Plaintiff's FLSA claim as inadequately pled under Rule 12(b)(6). Based on this denial, the Court also denies as moot and unnecessary Plaintiff's request to amend his enterprise allegations.

### B. UNPAID OVERTIME AND MISSED BREAK ALLEGATIONS

Next, Defendant requests dismissal of Plaintiff's FLSA claim on grounds that Plaintiff has inadequately "show[n] the amount and extent" of his and others' unpaid overtime hours and missed breaks. (Doc. # 111 at 7.) Defendant contends that Plaintiff's complaint must specifically identify the specific workweeks during which he or any other person was not paid overtime, an estimate of the number of extra hours they worked per week, and the types of tasks they performed during their overtime hours. (*Id.* at 7–11.) The Court disagrees that more specificity is required, finding instead that the allegations in Plaintiff's Second Amended Complaint are sufficient under Rule 12(b)(6).

7

Contrary to Defendant's contentions, the Tenth Circuit has not yet imposed that exacting standard on FLSA Plaintiffs. Indeed, the general rule governing pleadings states that "specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (citing to Fed. R. Civ. P. 8 and *Erickson v. Pardus*, 551 U.S. 89 (2007)). The issue on a motion to dismiss is not whether plaintiff will prevail, but whether he is entitled to offer evidence to support his claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

The Court recognizes that some courts have required pleadings close to the specificity Defendant requests, including one in this district. *See, e.g.*, *Perkins v. 199 SEIU United Healthcare Workers East*, 73 F. Supp. 3d 278, 290 (S.D.N.Y. 2014); *Martinez v. Xclusive Mgmt., LLC*, No. 15-CV-00047-MSK-MEH, 2015 WL 12734809, at *6 (D. Colo. Aug. 12, 2015). However, under the circumstances of this case, the Court elects to follow the long line of cases declining to require such a factually detailed pleading. *See, e.g.*, *Renteria-Camacho v. DIRECTV, Inc.*, No. 14-2529, 2015 WL 1399707, at *3 (D. Kan. Mar. 26, 2015); *Spears v. Mid–Am. Waffles, Inc.*, No. 11-2273-CM, 2011 WL 6304126, at *3 (D. Kan. Dec. 16, 2011); *Harris v. Ground Zero Shelters*, Co., No. CIV-16-190-F, 2016 WL 9526448, at *1 (W.D. Okla. Apr. 22, 2016); *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763–64 (11th Cir. 2008*); Chao v. Rivendell Woods, Inc.*, 415 F.3d 342 (4th Cir. 2005); *Nicholson v. UTi Worldwide, Inc.*, No. 09-772-JPG, 2010 WL 551551, at *4 (S.D.Ill. Feb. 12, 2010)).

Instead, all that is required for a plaintiff asserting a claim of unpaid overtime under the FLSA is a statement that he worked more than forty hours in a given work week (or weeks) without being compensated for overtime. *See Rayfield v. Sandbox Logistics, LLC*, 217 F. Supp. 3d 1299, 1300 (D. Colo. 2016) ("The requirements to state a claim of a FLSA violation are quite straightforward, requiring plaintiff to show a failure to pay overtime compensation and/or minimum wages to covered employees—no more.") (internal quotation marks omitted); *Contra Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644–45 (9th Cir. 2014), as amended (Jan. 26, 2015) (holding that a plaintiff "may establish" a plausible claim by including, among other things, the "amount of overtime wages she believes she is owed" but declining to make the "approximation of overtime hours the sine qua non of plausibililty for claims brought under the FLSA").

The Plaintiff in this case has so plead. In addition to generally stating that Plaintiff was not compensated for his hours worked over forty in a given workweek or over twelve in a given workday, Plaintiff's Second Amended Complaint contains the dates of his employment, his hourly rate of pay, his overtime rate of pay, and a formula for calculating his and others' unpaid hours. (Doc. # 105 at 3–4.) The Complaint also states that Plaintiff and others "frequently" worked more than twelve hours per day or more than forty hours per week but was not appropriately compensated for overtime. (*Id.* at 2–3.) Plaintiff's Second Amended Complaint also puts forth sufficient allegations to support the inference that missed rest and meal breaks applied to all non-exempt employees and were a daily occurrence. (*Id.* at 2–9.) The Second Amended Complaint also acknowledges that certain records needed to further approximate Plaintiff's and

others' improperly withheld wages "remain in the possession of Defendant" and that a "precise damage figure" will be provided once discovery is complete. (*Id.*)

Based on these assertions, the Court finds that these allegations are sufficient to survive dismissal under Rule 12(b)(6). To conclude otherwise would elevate the pleading burden of an FLSA plaintiff above the pleading burden of other plaintiffs. *See McDonald v. Kellogg Co.*, No. 08–2473–JWL, 2009 WL 1125830, at *1 (D. Kan. Apr. 27, 2009); *see also Zhong v. August August Corp.*, 498 F.Supp.2d 625, 629–30 (S.D.N.Y. 2007) (holding that where plaintiff indicated the number of hours worked per week, the wage plaintiff was earning, and the total number of weeks plaintiff worked sufficiently alleged damages in an FLSA claim).

The Court accordingly denies Defendant's request for dismissal of Plaintiff's FLSA claim on grounds that his overtime and missed break allegations are inadequately plead.[2] Because the Court has found that the allegations in Plaintiff's Second Amended Complaint are sufficient, the Court denies as moot Plaintiff's request to amend. (Doc. # 132 at 3.)

---

[2] Defendant also makes the brief argument that Plaintiff's short allegations related to uncompensated "drive time" and "downtime" are not compensable and should therefore be dismissed. (Doc. # 111 at 11–12.) The Court rejects this argument as misplaced under Rule 12(b)(6). Defendant's contentions are more suited for a motion for summary judgment since it would require this Court to look beyond the truth of Plaintiff's well-plead allegations to determine whether the "drive time" or "downtime" are "an integral and indispensable part of [Plaintiff's] principal activities." *Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1288 (10th Cir. 2006). Defendant's conclusory argument hardly supports such a finding at this stage in the proceedings.

## C. RECORD KEEPING ALLEGATIONS

Next, Defendant argues that Plaintiff's FLSA claim should be dismissed to the extent it is based on Defendant's failure to keep accurate payroll records. The Court disagrees.

The FLSA requires that covered employers "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him." 29 U.S.C. § 211(c). Employers are generally required to keep these records for a period of two or three years, depending on the information in question. *See generally* 29 C.F.R. §§ 516.5, 516.6. Failure to keep appropriate records constitutes an independent violation of the FLSA. *See* 29 U.S.C. § 215; *see also Solis v. SCA Rest. Corp.*, 938 F.Supp.2d 380, 398 (E.D.N.Y. 2013). The FLSA's implementing regulations require that employers account for, among other things, the hours worked each workday and workweek, the total premium pay for overtime hours, any additions or deductions from wages paid each pay period, and the total wages paid. 29 C.F.R. §§ 516.2.

At this stage in the litigation, Plaintiff's Second Amended Complaint is sufficient. The Complaint states:

- "Although it was Defendant's burden to keep sufficient records to demonstrate that its employees were paid in accordance with state and federal wage and hour law, Defendant failed to do so and, in particular, failed to properly track breaks." (Doc. # 105 at 4.)

- "Defendant . . . fail[ed] to maintain true and accurate time records for all hours worked by Class Members." (*Id.* at 6.)

Moreover, from the remainder of the well-pleaded allegations in Plaintiff's Complaint, which this Court must accept as true, Plaintiff challenges Defendant's payroll policy of automatically deducting pay from its employee's wages without ensuring that those breaks were provided—and its corresponding insufficient and inaccurate timesheets. (*Id.* at 4.)

Although, as Defendant points out, 29 C.F.R. §§ 516.2 does not expressly require an employer to specifically track breaks, it does require an employer to record "deductions from wages paid each pay period" as well as an employee's overtime rate of pay and hours worked. At this point, Plaintiff's allegations in his Second Amended Complaint support that Defendant may not have kept legally sufficient records with respect to overtime pay and break deductions for Plaintiff and others.

The Court accordingly denies Defendant's request for dismissal of Plaintiff's FLSA claim on grounds that his time-keeping allegations are inadequately pleaded. The Court likewise denies as moot Plaintiff's request to amend such time-keeping allegations to provide more specificity.

### D. STATE CLAIMS

Defendant's arguments for dismissal of Plaintiff's state law claims mirror its arguments for dismissal of Plaintiff's FLSA claim. Thus, for the same reasons set forth above, the Court denies Defendant's request for dismissal of Plaintiff's state law claims.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Magistrate Judge Mix's Recommendations (Doc. ## 145, 155) are REJECTED;

2. Defendant's Motion to Dismiss (Doc. # 111) is DENIED; and

3. Plaintiff's Motion to Amend the Complaint (Doc. # 132) is DENIED AS MOOT.

DATED: August 29, 2018                  BY THE COURT:

                                                 CHRISTINE M. ARGUELLO
                                                 United States District Judge