**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 16-cv-00076-CMA-KLM

RICARDO LOPEZ, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

NEXT GENERATION CONSTRUCTION & ENVIRONMENTAL, LLC, a Colorado limited liability company,

    Defendant.

---

**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT, GRANTING UNOPPOSED MOTION FOR APPROVAL OF ATTORNEY'S FEES, AND DISMISSING CASE**

---

This matter is before the Court on the Parties Joint Motion for Final Approval of Settlement Agreement (Doc. # 202) and Unopposed Motion for Approval of Attorneys' Fees (Doc. # 201). Having received and considered the Settlement, the supporting papers filed by the Parties in connection with their Joint Motion for Final Approval of Settlement Agreement, the evidence received by the Court in connection with the Parties' Joint Motion for Preliminary Approval of Settlement Agreement (Doc. # 193) and Joint Motion to Amend Notice of Settlement to Class (Doc. # 197), and the argument submitted by the Parties at the fairness hearing on July 23, 2019, the Court grants the Joint Motion for Final Approval of Settlement Agreement, approves the Settlement Agreement (Doc. # 193-1), grants the Unopposed Motion for Approval of Attorneys' Fees, and dismisses this case.

This Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the following defined Class: "All current and former hourly field employees who worked for Defendant Next Generation in Colorado at any time from January 12, 2013 to December 17, 2016." As described in the Court's certification Order (Doc. # 71), the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Class are so numerous that joinder of all Class members in the action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of Plaintiff are typical of the claims of the Class; (d) Plaintiff and Plaintiffs' counsel have fairly and adequately represented and protected the interests of all of the Class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the action.

Pursuant to the Order Granting Joint Motion for Preliminary Approval of Settlement Agreement ("Preliminary Approval Order") and the Order Granting Joint Motion to Amend Notice of Settlement to Class, a Notice of Proposed Settlement and an Opt-Out Request Form were sent to each Class Member by first-class mail. These

papers informed Class Members of the terms of the Settlement, their right to receive a Settlement payment, their right to object to the Settlement or to opt-out of the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the fairness hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. Zero Class Members filed written objections to the proposed Settlement as part of this notice period or stated an intention to appear at the fairness hearing.

The Court finds and determines that this notice procedure afforded adequate protections to Class Members and was the best practicable notice under the circumstances and constituted valid, sufficient, and due notice to all members of the Class. The Class notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law. Accordingly, this Court makes final the conditional certification set forth in the Preliminary Approval Order (Doc. # 196) and it is hereby ordered that the Class is finally approved and certified as a class for purposes of the Settlement. Because the Court has afforded a full opportunity to all Class members to be heard, the Court further determines that all members of the Class are bound by this Order.

Based on the foregoing, it is ORDERED that the Joint Motion for Final Approval of Settlement Agreement (Doc. # 202) is GRANTED. It is FURTHER ORDERED that:

- Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court finds that the Settlement is fair, reasonable, and adequate. Accordingly, the Court gives final approval to the Settlement Agreement (Doc. # 193-1) in all respects

and authorizes and directs the parties to consummate the Settlement Agreement in accordance with the terms and provisions of the Settlement Agreement and this Order. The Parties, their counsel, and the settlement administrator shall fulfill their obligations and duties under the Settlement Agreement.

- Class Counsel's Unopposed Motion for Motion for Approval of Attorneys' Fees (Doc. # 201) is GRANTED. The Court hereby awards Class counsel attorney's fees and costs in the amount of $36,234.76. This amount shall be paid from the settlement fund pursuant to the terms of the Settlement Agreement.

- Without affecting the finality of this Order, this Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

- The lawsuit and all claims of any Class Members who do not deposit their Settlement checks are DISMISSED WITH PREJUDICE.

- The Clerk of the Court respectfully is DIRECTED to enter final judgment dismissing this action with prejudice.

DATED: July 31, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge